BRYANT LOVLIEN & JARVIS, PC
Mark G. Reinecke (OSB #914073) (reinecke@bljlawyers.com)
591 SW Mill View Way
Bend, OR 97702
Telephone: (541) 382-4331
Facsimile: (541) 389-3386

COOLEY LLP
John Hemann (CASB #165823) (jhemann@cooley.com)
(*pro hac vice*)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Alexander Galicki (CASB #308737) (agalicki@cooley.com)
(*pro hac vice*)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CENTRAL OREGON COMMUNITY COLLEGE,<br><br>              Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; DENNIS R. MCDONOUGH, in his official capacity as Secretary of the United States Department of Veterans Affairs; UNITED STATES DEPARTMENT OF THE TREASURY; JANET YELLEN, in her official capacity as Secretary of the United States Department of the Treasury; BUREAU OF THE FISCAL SERVICE, UNITED STATES DEPARTMENT OF THE TREASURY; and TIMOTHY GRIBBEN, in his official capacity as Commissioner of the Bureau of the Fiscal Service, United States Department of the Treasury,<br><br>              Defendants. | Case No. 6:20-cv-00594-MK<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2)** |

### CERTIFICATE OF COMPLIANCE WITH LR 7-1

Counsel for Plaintiff certifies he conferred with Defendants' counsel, Patrick Conti, regarding this motion and that Defendants do not oppose the Motion.

### MOTION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Central Oregon Community College ("Plaintiff") moves for the Court to enter an order dismissing this action without prejudice, and requests that the Court's order expressly requires the Parties to comply with the terms of the Parties' settlement agreement for one hundred-twenty (120) days from the agreement's effective date of September 20, 2021 or until the prehearing conference referred to in § 1.2(b) of the settlement agreement has occurred, whichever is sooner.

### MEMORANDUM

The Parties have entered into a settlement agreement attached hereto as Exhibit 1 (the "Settlement Agreement"). Because the Parties have settled this case, Plaintiff requests that the Court enter an order dismissing this action without prejudice. Further, Section 2.4 of the Settlement Agreement provides: "**Continuing Jurisdiction.** The Parties agree that the United States District Court for the District of Oregon has jurisdiction over an action by either Party to enforce the terms of this Settlement Agreement for one hundred-twenty (120) days from the Effective Date or until the prehearing conference referred to in § 1.2(b) has occurred, whichever is sooner." As such, Plaintiff asks that the Court's order of dismissal without prejudice is contingent on the Court's retention of jurisdiction to enforce the terms of the Settlement Agreement for one hundred-twenty (120) days from the agreement's effective date of September 20, 2021 or until the prehearing conference referred to in § 1.2(b) of the settlement agreement has occurred, whichever is sooner.

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). *See also Nw. Env. Defense Ctr. v. Allen*, 2007 WL 1746333, at *4 (D. Ore. 2007). Approval of a motion to dismiss under Rule 41(a)(2) lies within the sound discretion of the Court,

and includes weighing "all relevant equities." *Burnette v. Godshall,* 828 F. Supp. 1439, 1444 (N.D. Cal. 1993), *aff'd,* 72 F.3d 766 (9th Cir. 1995). Pursuant to Rule 41(a)(2), "the court has discretion to dismiss the case through an order and to specify the terms of that dismissal." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012). As the Supreme Court of the United States has explained:

> If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2) ... the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994).

Moreover, motions to dismiss under Rule 41(a)(2) should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *See Robles v. Atlantic Sounding Co., Inc.,* 77 F. App'x 274, 275 (5th Cir. 2003). Here, there is no possible legal prejudice to the Defendants by the Court retaining jurisdiction to enforce the settlement agreement for a limited period of time given that the Defendants freely entered into the Settlement Agreement and do not oppose the Motion.

WHEREFORE, Plaintiff requests that this matter be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(2) contingent on the Court's retention of jurisdiction to enforce the terms of the Settlement Agreement for one hundred-twenty (120) days from the agreement's effective date of September 20, 2021 or until the prehearing conference referred to in § 1.2(b) of the settlement agreement has occurred, whichever is sooner.

Dated:  September 21, 2021

Respectfully Submitted,

BRYAN LOVELIEN & JARVIS PC

/s/ *John Hemann*
John Hemann  (he/him)

MARK G. REINECKE (OSB #914073)
(reinecke@bljlawyers.com)
591 SW Mill View Way
Bend, OR 97702
Telephone:  (541) 382-4331
Facsimile:  (541) 389-3386

Cooley LLP
John Hemann (CASB #165823)
(jhemann@cooley.com) (*pro hac vice*)
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:  (415) 693-2000
Facsimile:  (415) 693-2222

Alexander Galicki (CASB #308737)
(agalicki@cooley.com) (*pro hac vice*)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone  (310) 883-6400
Facsimile:  (310) 883-6500

Attorneys for Plaintiff

# Exhibit 1

EXECUTION VERSION

**SETTLEMENT AGREEMENT AND RELEASE**

**THIS SETTLEMENT AGREEMENT AND RELEASE** (*"Agreement"*) is entered into between plaintiff Central Oregon Community College (*"Plaintiff"*) and defendants United States Department of Veterans Affairs ("*VA*") and Denis McDonough, Secretary of VA (*"Defendants"*) (Plaintiffs and Defendants collectively, *"Parties,"* or singularly, *"Party"*) as of the date the last Party signs this Agreement (the *"Effective Date"*).  Except as otherwise specified, defined terms shall have the meanings set forth in the Recitals section of this Settlement.

**RECITALS**

**A.**      Beginning in January 2018, VA alleged that Plaintiff owed debts to VA on account of tuition payments VA made to Plaintiff on behalf of certain students (the "*Tuition Debt*").  Exhibit A attached hereto specifies the Tuition Debt VA alleges is owed per student by identifying the dates of (i) the notice, (ii) Plaintiff's dispute, (iii) VA's response thereto, and (iv) the amount VA alleges is owed for tuition payments. For the avoidance of doubt, Plaintiff does not concede the accuracy of Exhibit A. In November 2018, VA also alleged that Plaintiff owed debts to VA on account of payments VA made to students attending Plaintiff's aviation programs for books and housing (the "*Books and Housing Debt*").  The Books and Housing Debt was alleged based on a portion of the courses offered by, and/or actions taken by, Plaintiff that were the basis for the Tuition Debt alleged in Exhibit A.

**B.**      The Parties concur that the Books and Housing Debt should be and has been referred to the Committee on School Liability ("*CSL*"). Plaintiff contends the Tuition Debt must also be referred to the CSL.  VA disagrees.

**C.**      On or about April 10, 2020, Plaintiff filed a complaint ("Complaint") in the United States District Court for the District of Oregon ("*Court*") entitled *Central Oregon Community College v. United States Department of Treasury, et al*., Civil Case No. 6:20-cv-00594-MK (*"Action"*).  Plaintiff asserted three claims for relief for alleged violations of (1) the Administrative Procedure Act, 5 U.S.C. §§ 706, et seq., and (2) the Due Process Clause of the Fifth Amendment, United States Constitution.  Shortly after Plaintiff filed the Action, counsel for the Parties began to meet and confer in attempt to resolve the Action without additional litigation.  To facilitate that end, on June 29, 2020, Plaintiff filed an Unopposed Motion for an Extension of Time to Serve the Complaint on Defendants.  The Court granted that Motion on June 30, 2020, and later similar such Motions on September 10, 2020, December 9, 2020, February 16, 2021, and April 16, 2021. Plaintiff served the Complaint on Defendants on June 1, 2021.  On July 20, 2021, Defendants filed an Unopposed Motion for an Extension of Time to Answer the Complaint, which the Court granted on July 21, 2021.

**D.**      At all times, Defendants have denied and continue to deny any wrongdoing and deny that they committed, threatened, or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged by Plaintiff, including denial of Plaintiff's request to refer the Tuition Debt to the CSL, and instead contend that Defendants have acted properly.  Nonetheless, as the Books and Housing Debt has been submitted to the CSL and because of the uncertainty and risks inherent in litigation, Defendants have concluded in the interests of avoiding further litigation and as a matter of convenience, VA will agree to the Tuition Debt also being referred to the CSL.  Therefore, Defendants have concluded that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

**E.**      Plaintiff believes that Defendants violated its rights as alleged in the Complaint and otherwise since the filing of that Complaint, and that it would prevail if this case proceeded to final adjudication.  Nonetheless, Plaintiff has also taken into account the uncertain outcome and risks inherent

in litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Based on its evaluation, Plaintiff has concluded that the terms and conditions of this Agreement are fair and reasonable, and that it is in its best interests to settle the claims raised in the Action upon the terms and conditions set forth in this Agreement.

**AGREEMENT**

Now, therefore, in light of the foregoing recitals, and the following terms and conditions, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties hereby covenant and agree as follows:

1. **PROCEDURAL RELIEF AND LIABILITY REDUCTION.**

    **1.1** Plaintiff agrees to dismiss the Complaint against all Defendants without prejudice with each party bearing its own fees, costs, and expenses, and Defendant VA agrees to provide Plaintiff the procedures and terms set forth in §§ 1.2 – 1.3.

    **1.2** **Notice of Intention to Hold School Liable and Prehearing Conference**. As to the Tuition Debt and the Books and Housing Debt, the parties agree:

    **(a)** Nothing in this settlement shall limit the substantive or procedural arguments or positions the Parties may assert except:

    **(i)** VA will not contest the applicability of the School Liability Process to the Tuition Debt or the Books and Housing Debt; and

    **(ii)** Plaintiff will not contest the notice provided for the Tuition Debt or the Books and Housing Debt, or argue that additional notice needed to be or must be provided under 38 C.F.R. § 21.4009(d)(2) for the Tuition Debt or the Books and Housing Debt.

    **(b)** The prehearing conference described in 38 C.F.R. § 21.4009(e) is the next step in VA's process to recover the Tuition Debt and the Books and Housing Debt. The Parties agree that VA will contact Plaintiff no earlier than fourteen (14) days after the Effective Date, and no later than forty-five (45) days after the Effective Date, to schedule the prehearing conference. Exhibit A sets out for each student the amount that VA contends is owed by Plaintiff with regard to the Tuition Debt. Plaintiff disputes both the accuracy and legality of these amounts.

    **(c)** VA shall combine the process for recovery of the Tuition Debt with the process for recovering the Books and Housing Debt. Such combined process shall start with the prehearing conference referred to in § 1.2(b).

    **(d)** The prehearing conference shall occur on a mutually agreeable date no later than one hundred (100) days after the Effective Date.

    **(e)** The prehearing conference shall be conducted via video conference.

    **1.3** **School Liability Process**. Plaintiff and VA shall enter into the formal School Liability Process provided for at 38 U.S.C. § 3685 and set out at 38 C.F.R. § 21.4009 and detailed in VA

Manual M22-4, Part 1, Chapter 7 (hereinafter referred to as "VA Manual") (last updated on August 18, 2017) to determine Plaintiff's liability, if any, for the Tuition Debt and/or the Books and Housing Debt. Without limiting the foregoing, the School Liability Process shall include:

  **(a)** The prehearing conference between Plaintiff and the relevant representatives from VA to discuss the Initial Decision and the structure, format, witness list, schedule, and other relevant information for the Hearing, as discussed in § 1.2.

  **(b)** A hearing before a panel of the CSL in accordance with the rules set forth in Section 7.10 of the VA Manual. This hearing shall occur on a mutually agreeable date no later than sixty (60) days after the conclusion of the prehearing conference referred to in § 1.2. The CSL shall issue a written decision to Plaintiff in accordance with Section 7.11 of the VA Manual.

  **(c)** Plaintiff shall have sixty (60) days from receipt of the CSL's written decision to appeal to the School Liability Appeals Board ("***SLAB***") in accordance with Section 7.12 of the VA Manual. Plaintiff may, at its discretion, seek additional time of up to thirty (30) days to appeal to the SLAB. VA agrees not to contest such request by Plaintiff for additional time.

  **1.4** **Debt Notices.** VA shall withdraw all debt notice and collection referrals for the Tuition Debt or the Books and Housing Debt to any federal agency, including but not limited to the Department of Treasury and Bureau of Fiscal Service, and provide proof VA requested such withdrawal to Plaintiff within thirty (30) days of the signing of this Agreement. VA shall not refer any future debt notices for the Tuition Debt or the Books and Housing Debt described in Paragraph A above to any agency or third party for collection until the time for Plaintiff to appeal to the SLAB pursuant to § 1.3(c) has passed without an appeal being filed or the process set forth in § 1.3 of this Agreement is complete. Nothing in this provision precludes the VA from instituting collection proceedings for the Tuition Debt or the Books and Housing Debt based on the decision of the SLAB as provided by 38 C.F.R. § 21.4009(h).

  **2.** **ADDITIONAL PROVISIONS.**

  **2.1** **Defendants' Denial of Wrongdoing.** This Agreement reflects the Parties' compromise and settlement of disputed claims. Its provisions, and all related drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law by any person or entity and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.

  **2.2** **Real Parties in Interest.** In executing this Agreement, the Parties warrant and represent that they are the only persons or entities having any interest in the claims asserted in this Action. Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person, firm, or entity.

  **2.3** **Voluntary Agreement.** The Parties executed this Agreement voluntarily and without duress or undue influence.

  **2.4** **Continuing Jurisdiction.** The Parties agree that the United States District Court for the District of Oregon has jurisdiction over an action by either Party to enforce the terms of this

Settlement Agreement for one hundred-twenty (120) days from the Effective Date or until the prehearing conference referred to in § 1.2(b) has occurred, whichever is sooner.

**2.5** **Binding on Successors.** This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

**2.6** **Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Agreement; (b) they have read this Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Agreement and its legal effect.

**2.7** **Authorization.** Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**2.8** **Entire Agreement.** This Agreement contains the entire agreement between the Parties and constitutes the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement.

**2.9** **Construction and Interpretation.** Neither Party nor any of the Parties' respective attorneys shall be deemed the drafter of this Agreement for purposes of interpreting any provision in this Agreement in any judicial or other proceeding that may arise between them. This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter shall have no force or effect.

**2.10** **Headings and Formatting of Definitions.** The various headings used in this Agreement are solely for the Parties' convenience and may not be used to interpret this Agreement. Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Agreement.

**2.11** **Modifications and Amendments.** No amendment, change, or modification to this Agreement shall be valid unless in writing signed by the Parties or their counsel.

**2.12** **Governing Law.** This Agreement is governed by federal law and must be interpreted under federal law and without regard to conflict of laws principles.

**2.13** **Further Assurances.** The Parties must execute and deliver any additional papers, documents and other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Agreement and to carry out this Agreement's expressed intent.

**2.14** **Agreement Constitutes a Complete Defense.** To the extent permitted by law, this Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement.

**2.15** **Counterparts.** This Agreement may be executed in counterparts, including via electronic signature, each of which constitutes an original, but all of which together constitute one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form

a complete counterpart.  Photocopies or PDFs of executed copies of this Settlement Agreement may be treated as originals.

        **2.16**    **Recitals.**  The Recitals are incorporated by this reference and are part of the Agreement.

        **2.17**    **Severability.**  If any provision of this Agreement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Agreement shall continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt in good faith to renegotiate the provision of this Agreement that was declared invalid, void or unenforceable.

        **2.18**    **Inadmissibility.**  This Agreement (whether revoked or made ineffective for any reason) and any proceedings or discussions related to this Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction, except in any proceedings concerning construction or enforcement of this Agreement.

        **2.19**    **References to Numbered Sections.**  All references to numbered sections made by way of the symbol "§" or otherwise pertain to the sections in this Agreement, unless otherwise specified.

**[CONTINUED ON THE NEXT PAGE]**

**List of Exhibits:** The following exhibit is attached to this Agreement:

    Exhibit A

**The Parties have agreed to the terms of this Agreement and have signed below.**

Dated: _____                    **PLAINTIFF CENTRAL OREGON COMMUNITY COLLEGE**

                                                                                             _____
                                                                                             Laurie Chesley
                                                                                             President
                                                                                             Central Oregon Community College


Dated: _____                    **Defendants United States Department of Veteran's Affairs and Dennis McDonough as Secretary of the VA**

                                                                                             _____
                                                                                             Stephanie Logan
                                                                                             Deputy Director of Operations and
                                                                                             Acting Executive Director of VA's Education Service

*Digitally signed by STEPHANIE LOGAN*
*Date: 2021.09.20 13:17:32 -04'00'*

**List of Exhibits:** The following exhibit is attached to this Agreement:

    Exhibit A

**The Parties have agreed to the terms of this Agreement and have signed below.**

Dated: 9 - 16 - 21

PLAINTIFF CENTRAL OREGON COMMUNITY COLLEGE

*/s/ Laurie Chesley*
Laurie Chesley
President
Central Oregon Community College

Dated: _____

**Defendants United States Department of Veteran's Affairs and Dennis McDonough as Secretary of the VA**

_____
Stephanie Logan
Deputy Director of Operations and
Acting Executive Director of VA's Education Service

# EXHIBIT A

| Student First Name Last Initial | Current Debt | Date of 100 Letter | Date of Dispute | Date of Response |
|---|---|---|---|---|
| AARON R | $8,668.75 | 3/6/2018 | 6/12/2018 | 1/23/2019 |
| ADAM M | $22,212.50 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| ADAM H | $9,625.75 | 2/23/2018 | 6/5/2018 | 1/29/2019 |
| ALEX N | $25,300.00 | 2/27/2018 | 6/12/2018 | 1/18/2019 |
| ALEXANDER L | $1,916.25 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| ANDRE C | $3,335.50 | 2/6/2018 | 6/12/2018 | 1/29/2019 |
| ANDREW W | $19,775.25 | 3/6/2018 | 6/12/2018 | 2/1/2019 |
| ANDREW C | $162.20 | 2/6/2018 | 5/30/2018 | 1/31/2019 |
| ARRON S | $105.00 | 3/16/2018 | 6/12/2018 | 1/23/2019 |
| AUSTIN W | $3,255.40 | 3/9/2018 | 6/12/2018 | 2/1/2019 |
| BENJAMIN H | $18,964.20 | 2/16/2018 | 6/5/2018 | 1/29/2019 |
| BILLY L | $32,148.00 | 1/31/2018 | 6/13/2018 | 1/28/2019 |
| BLAINE S | $1,540.90 | 3/16/2018 | 6/12/2018 | 1/23/2019 |
| BRACKEN D | $19,148.75 | 2/9/2018 | 6/5/2018 | 2/1/2019 |
| BRANDON M | $2,975.25 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| BRANDON D | $134.10 | 2/9/2018 | 6/5/2018 | 2/1/2019 |
| BRENT B | $2,515.00 | 2/6/2018 | 5/9/2018 | 1/31/2019 |
| BRIAN T | $5,048.10 | 3/7/2018 | 6/12/2018 | 1/17/2019 |
| BRIANNA B | $5,186.90 | 3/9/2018 | 6/5/2018 | 1/29/2019 |
| BRICE S | $73,386.00 | 3/14/2018 | 6/12/2018 | 1/30/2019 |
| BRYCE B | $4,374.15 | 2/6/2018 | 6/7/2018 | 2/1/2019 |
| CALDER F | $3,667.20 | 2/16/2018 | 6/5/2018 | 1/31/2019 |
| CAMERON L | $5,258.82 | 3/16/2018 | 6/13/2018 | 1/28/2019 |
| CAMERON T | $15,224.16 | 3/13/2018 | 6/12/2018 | 2/1/2019 |
| CAMILO M | $11,465.58 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| CARLOS S | $4,959.50 | 3/14/2018 | 6/13/2018 | 1/23/2019 |
| CHARLES M | $28,452.95 | 3/6/2018 | 6/5/2018 | 1/28/2019 |

| Student First Name Last Initial | Current Debt | Date of 100 Letter | Date of Dispute | Date of Response |
|---|---|---|---|---|
| CHARLES S | $15,108.50 | 3/6/2018 | 6/12/2018 | 1/23/2019 |
| CHARLES B | $12,339.55 | 2/6/2018 | 5/31/2018 | 2/1/2019 |
| CHRISTOPHER P | $21,505.20 | 3/9/2018 | 6/12/2018 | 1/25/2019 |
| CHRISTOPHER D | $24,481.10 | 3/9/2018 | 6/5/2018 | 2/6/2019 |
| CHRISTOPHER D | $37,541.50 | 2/9/2018 | 6/5/2018 | 2/5/2019 |
| CLINTON S | $265.00 | 3/14/2018 | 6/12/2018 | 1/23/2019 |
| CODY G | $7,530.50 | 2/21/2018 | 6/5/2018 | 1/29/2019 |
| CONNOR S | $8,652.25 | 3/14/2018 | 6/12/2018 | 1/23/2019 |
| COREY C | $712.40 | 2/6/2018 | 5/30/2018 | 1/29/2019 |
| COREY G | $59,025.63 | 2/21/2018 | 6/13/2018 | 1/29/2019 |
| CORY P | $53,645.25 | 3/9/2018 | 6/12/2018 | 1/25/2019 |
| CURTIS C | $1,751.25 | 2/6/2018 | 5/10/2018 | 1/29/2019 |
| DANIEL W | $74,508.25 | 3/6/2018 | 6/13/2018 | 2/1/2019 |
| DANIEL M | $1,406.54 | 3/16/2018 | 6/5/2018 | 1/25/2019 |
| DAVID S | $43,443.60 | 2/6/2018 | 6/5/2018 | 1/17/2019 |
| DAVID G | $29,086.45 | 2/6/2018 | 6/5/2018 | 1/30/2019 |
| DENCIL T | $5,909.50 | 3/6/2018 | 6/13/2018 | 1/30/2019 |
| DENNIS H | $2,748.80 | 3/16/2018 | 6/5/2018 | 1/29/2019 |
| ELI D | $3,583.75 | 3/13/2018 | 6/5/2018 | 2/6/2019 |
| ELIJAH G | $42,062.35 | 2/6/2018 | 6/5/2018 | 1/29/2019 |
| ELIJAH H | $51,164.42 | 1/26/2018 | 6/4/2018 | 1/29/2019 |
| ERIC R | $55,455.05 | 3/16/2018 | 6/12/2018 | 1/23/2019 |
| ERIK N | $15,374.10 | 2/27/2018 | 6/12/2018 | 1/28/2019 |
| ERWIN A | $10,906.75 | 2/6/2018 | 4/27/2018 | 1/30/2019 |
| FITZPATRIC K | $16,863.25 | 1/30/2018 | 6/14/2018 | 1/28/2019 |
| GABRIEL L | $112.00 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| GALAN C | $2,970.50 | 1/24/2018 | 5/21/2018 | 1/31/2019 |
| GEORGE U | $15,435.23 | 3/9/2018 | 6/12/2018 | 2/1/2019 |
| GREGORY R | $6,516.27 | 2/28/2018 | 6/12/2018 | 1/25/2019 |

| Student First Name Last Initial | Current Debt | Date of 100 Letter | Date of Dispute | Date of Response |
|---|---|---|---|---|
| HEIDI M | $25,855.08 | 1/26/2018 | 4/25/2018 | 1/28/2019 |
| HUDSON H | $18,633.00 | 3/16/2018 | 6/5/2018 | 1/29/2019 |
| HUNG T | $950.00 | 3/9/2018 | 6/12/2018 | 2/1/2019 |
| IAN M | $45,954.35 | 2/27/2018 | 6/5/2018 | 1/25/2019 |
| ISAO Y | $35,185.75 | 3/6/2018 | 6/12/2018 | 2/1/2019 |
| JACK M | $14,960.92 | 3/6/2018 | 6/13/2018 | 1/28/2019 |
| JACOB F | $14,631.75 | 2/13/2018 | 6/12/2018 | 1/19/2019 |
| JACOB G | $8,886.85 | 2/16/2018 | 6/5/2018 | 2/1/2019 |
| JAMES P | $31,048.50 | 3/9/2018 | 6/3/2018 | 1/25/2019 |
| JAMES G | $435.00 | 2/23/2018 | 6/13/2018 | 2/1/2019 |
| JAMES L | $97,499.00 | 2/5/2018 | 6/5/2018 | 1/30/2019 |
| JARROD D | $67,501.91 | 2/13/2018 | 6/5/2018 | 2/6/2019 |
| JAY H | $11,142.19 | 2/22/2018 | 6/5/2018 | 1/29/2019 |
| JAY R | $20,877.87 | 3/6/2018 | 6/13/2018 | 1/25/2019 |
| JAYCOB H | $17,715.75 | 2/16/2018 | 6/7/2018 | 1/29/2019 |
| JEFFREY V | $1,160.00 | 3/13/2018 | 6/12/2018 | 2/4/2019 |
| JEFFREY G | $37,942.22 | 2/21/2018 | 6/5/2018 | 1/29/2019 |
| JEFFREY O | $4,430.00 | 2/28/2018 | 6/12/2018 | 1/25/2019 |
| JENNIFER C | $18,988.48 | 2/7/2018 | 6/5/2018 | 2/6/2019 |
| JENNIFER T | $2,645.72 | 3/7/2018 | 6/12/2018 | 1/30/2019 |
| JEREMY C | $18,466.50 | 1/26/2018 | 5/1/2018 | 1/31/2019 |
| JEREMY J | $20,799.39 | 2/6/2018 | 1/15/2020 | |
| JERRY G | $9,302.75 | 2/16/2018 | 6/5/2018 | 1/31/2019 |
| JESSE B | $19,618.80 | 2/6/2018 | 5/30/2018 | 2/1/2019 |
| JOBY F | $3,785.50 | 2/16/2018 | 6/5/2018 | 2/1/2019 |
| JOCLYN M | $4,521.70 | 3/16/2018 | 6/5/2018 | 1/30/2019 |
| JOHN S | $17,136.50 | 3/16/2018 | 6/12/2018 | 1/30/2019 |
| JOHN P | $669.70 | 3/16/2018 | 6/13/2018 | 1/25/2019 |

| Student First Name Last Initial | Current Debt | Date of 100 Letter | Date of Dispute | Date of Response |
|---|---|---|---|---|
| JOHN B | $45,226.45 | 2/6/2018 | 5/31/2018 | 1/31/2019 |
| JOHN T | $3,940.00 | 3/9/2018 | 6/12/2018 | 1/30/2019 |
| JONATHAN M | $31,202.45 | 2/27/2018 | 6/5/2018 | 1/25/2019 |
| JORGE C | $350.00 | 2/6/2018 | 6/5/2018 | 1/29/2019 |
| JOSE C | $6,996.25 | 2/9/2018 | 6/12/2018 | 2/5/2019 |
| JOSE R | $4,086.35 | 2/27/2018 | 6/13/2018 | 1/25/2019 |
| JOSEPH T | $23,800.75 | 3/7/2018 | 6/13/2018 | 1/30/2019 |
| JOSEPH M | $24,657.50 | 3/13/2018 | 6/5/2018 | 1/28/2019 |
| JOSEPH S | $9,883.58 | 3/14/2018 | 6/12/2018 | 1/23/2019 |
| JOSHUA B | $1,557.75 | 2/6/2018 | 5/9/2018 | 2/2/2019 |
| JOSHUA F | $23,317.78 | 2/13/2018 | 6/5/2018 | 2/1/2019 |
| JOSHUA H | $5,715.28 | 6/21/2018 | 6/14/2018 | 1/30/2019 |
| JUSTIN A M | $15,287.39 | 3/12/2018 | 6/13/2018 | 1/28/2019 |
| JUSTIN S | $38,658.47 | 3/13/2018 | 6/12/2018 | 2/1/2019 |
| JUSTIN C | $6,244.80 | 2/6/2018 | 5/11/2018 | 1/29/2019 |
| JUSTIN R | $75,525.70 | 1/31/2018 | 6/13/2018 | 1/23/2019 |
| KEELAN G | $19,669.40 | 3/9/2018 | 6/5/2018 | 1/31/2019 |
| KEVIN G | $21,418.92 | 2/16/2018 | 6/5/2018 | 1/29/2019 |
| KEVIN F | $19,163.25 | 2/16/2018 | 6/5/2018 | 1/31/2019 |
| KIRK P | $5,927.10 | 2/28/2018 | 6/12/2018 | 1/25/2019 |
| KIRSTEN M | $6,938.49 | 3/13/2018 | 6/5/2018 | 1/28/2019 |
| KOBI S | $11,389.25 | 3/16/2018 | 6/12/2018 | 2/1/2019 |
| KYLE G | $12,632.85 | 3/9/2018 | 6/5/2018 | 1/29/2019 |
| KYLE T | $13,723.00 | 3/7/2018 | 6/12/2018 | 1/30/2019 |
| KYLE P | $11,985.25 | 3/20/2018 | 6/12/2018 | 1/25/2019 |
| KYLE K | $18,476.76 | 2/21/2018 | 6/5/2018 | 1/31/2019 |
| LEE C | $22,864.11 | 2/7/2018 | 6/5/2018 | 1/17/2019 |
| LEVI R | $29,703.30 | 3/13/2018 | 6/12/2018 | 1/23/2019 |

| Student First Name Last Initial | Current Debt | Date of 100 Letter | Date of Dispute | Date of Response |
|---|---|---|---|---|
| LIAM D | $1,526.00 | 2/9/2018 | 6/5/2018 | 1/30/2019 |
| LORENZO R | $14,486.50 | 2/28/2018 | 6/13/2018 | 1/25/2019 |
| LUKAS G | $13,471.75 | 2/16/2018 | 6/13/2018 | 2/1/2019 |
| LUKE W | $182.00 | 3/7/2018 | 6/12/2018 | 2/1/2019 |
| MARCUS B | $105.00 | 2/6/2018 | 5/11/2018 | 1/30/2019 |
| MARSHALL N | $42,138.25 | 3/9/2018 | 6/12/2018 | 1/25/2019 |
| MARTIN B | $4,220.34 | 2/6/2018 | 6/5/2018 | 2/1/2019 |
| MATTHEW S | $16,961.20 | 3/16/2018 | 6/12/2018 | 1/23/2019 |
| MATTHEW A | $13,492.69 | 1/31/2018 | 6/5/2018 | 1/17/2019 |
| MATTHEW G | $6,389.15 | 2/16/2018 | 6/5/2018 | 2/1/2019 |
| MAX K | $30,362.70 | 3/16/2018 | 6/14/2018 | 1/28/2019 |
| MICHAEL N | $70.00 | 2/28/2018 | 6/12/2018 | 1/25/2019 |
| MICHAEL D | $244.40 | 3/19/2019 | 1/15/2020 | |
| MICHAEL W | $15,261.39 | 3/9/2018 | 6/13/2018 | 2/1/2019 |
| MICHAEL G | $13,853.05 | 2/16/2018 | 6/12/2018 | 2/1/2019 |
| MICHAEL S | $17,448.00 | 3/16/2018 | 6/12/2018 | 1/23/2019 |
| NASH T | $156.00 | 3/13/2018 | 6/12/2018 | 2/1/2019 |
| NICHOLAS B | $3,286.40 | 2/6/2018 | 6/5/2018 | 1/31/2019 |
| NICHOLAS A | $1,169.25 | 2/6/2018 | 5/10/2018 | 2/1/2019 |
| NOAH U | $1,381.70 | 3/7/2018 | 6/14/2018 | 2/1/2019 |
| OSCAR V | $19,135.35 | 3/7/2018 | 6/12/2018 | 1/17/2019 |
| PATRICK R | $29,207.42 | 2/7/2018 | 6/13/2018 | 1/23/2019 |
| PAUL G | $13,951.45 | 2/16/2018 | 6/5/2018 | 1/29/2019 |
| PHILIP S | $5,451.40 | 1/26/2018 | 4/24/2018 | 1/23/2019 |
| QUINTEN G | $7,011.96 | 2/16/2018 | 6/13/2018 | 1/29/2019 |
| RANDY S | $28,604.24 | 3/14/2018 | 6/14/2018 | 1/30/2019 |
| REID H | $13,918.75 | 2/16/2018 | 6/5/2018 | 1/29/2019 |

| Student First Name Last Initial | Current Debt | Date of 100 Letter | Date of Dispute | Date of Response |
|---|---|---|---|---|
| RICHARD B | $358.40 | 2/6/2018 | 5/9/2018 | 1/31/2019 |
| ROBERT V | $6,742.00 | 2/16/2018 | 6/13/2018 | 2/4/2019 |
| ROMAN C | $19,237.85 | 2/7/2018 | 6/5/2018 | 1/29/2019 |
| RONALD L | $22,349.40 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| ROY K | $14,307.50 | 2/16/2018 | 6/5/2018 | 1/30/2019 |
| RUSSELL S | $250.00 | 3/14/2018 | 6/12/2018 | 1/23/2019 |
| RUSTON Y | $2,361.90 | 2/27/2018 | 6/12/2018 | 1/17/2019 |
| RYAN M | $673.88 | 3/16/2018 | 6/5/2018 | 1/25/2019 |
| RYAN N | $56,663.14 | 2/27/2018 | 6/12/2018 | 1/25/2019 |
| RYAN L | $2,925.96 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| RYEN F | $27,192.40 | 2/9/2018 | 6/5/2018 | 2/1/2019 |
| RYLEE P | $32.17 | 2/28/2018 | 6/12/2018 | 1/25/2019 |
| SAM M | $18,155.77 | 1/24/2018 | 4/25/2018 | 1/28/2019 |
| SCOTT L | $10,400.00 | 2/25/2018 | 4/20/2018 | 1/28/2019 |
| SCOTT N | $12,389.82 | 2/27/2018 | 6/14/2018 | 2/25/2019 |
| SEAN G | $1,032.00 | 2/15/2018 | 6/5/2018 | 1/31/2019 |
| SEAN F | $26,997.50 | 2/16/2018 | 6/5/2018 | 2/1/2019 |
| SEAN R | $51.50 | 3/6/2018 | 6/12/2018 | 1/25/2019 |
| SEAN K | $29,773.25 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| SETH J | $4,243.20 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| SETH C | $17,234.00 | 3/16/2018 | 6/12/2018 | 1/17/2019 |
| SHEAMUS C | $4,731.64 | 2/7/2018 | 6/5/2018 | 1/29/2019 |
| STACEY G | $10,787.60 | 2/16/2018 | 6/5/2018 | 1/17/2019 |
| STEPHEN H | $105.00 | 3/9/2018 | 6/5/2018 | 1/29/2019 |
| STEVEN C | $1,891.00 | 2/7/2018 | 6/14/2018 | 2/6/2019 |
| STEVEN B | $17,063.00 | 2/6/2018 | 5/11/2018 | 1/31/2019 |
| STEVEN M | $303.50 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| STEVEN D | $28,268.00 | 1/26/2018 | 5/2/2018 | 2/6/2019 |

| Student First Name Last Initial | Current Debt | Date of 100 Letter | Date of Dispute | Date of Response |
|---|---|---|---|---|
| TAHAM K | $6,310.90 | 2/21/2018 | 6/5/2018 | 1/28/2019 |
| TAYLOR K | $7,036.25 | 2/21/2018 | 6/5/2018 | 1/28/2019 |
| THOMAS R | $19,460.60 | 3/16/2018 | 6/27/2018 | 1/23/2019 |
| THOMAS E | $66,605.40 | 1/31/2018 | 6/5/2018 | 2/1/2019 |
| THOMAS C | $17,020.65 | 2/7/2018 | 6/5/2018 | 1/29/2019 |
| TIMOTHY P | $175.00 | 2/28/2018 | 6/12/2018 | 1/25/2019 |
| TIMOTHY C | $13,662.28 | 2/6/2018 | 5/31/2018 | 1/29/2019 |
| TOAN D | $1,598.50 | 2/9/2018 | 6/5/2018 | 2/6/2019 |
| TRAVIS B | $5,568.25 | 1/30/2018 | 6/12/2018 | 2/1/2019 |
| TRAVIS K | $26,769.46 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| TYSON H | $6,870.50 | 2/16/2018 | 6/5/2018 | 1/28/2019 |
| VINCENT H | $8,407.54 | 2/23/2018 | 6/5/2018 | 1/29/2019 |
| WALTER L | $20,798.47 | 2/23/2018 | 6/5/2018 | 1/28/2019 |
| WESLEY F | $28,195.75 | 2/13/2018 | 6/5/2018 | 2/1/2019 |
| WILLIAM B | $9,092.62 | 2/6/2018 | 6/5/2018 | 2/1/2019 |
| WYATT B | $9,707.30 | 2/6/2018 | 6/5/2018 | 1/31/2019 |
| ZACHARY L | $1,529.48 | 2/21/2018 | 6/14/2018 | 1/28/2019 |
| ZIGMUNT S | $6,173.00 | 3/14/2018 | 6/14/2018 | 1/23/2019 |
| | $2,934,988.13 | | | |